IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ÁNGEL AYALA-DÁVILA, | **Civil No.** 16-3118 (FAB) |
| **Petitioner,** | |
| v. | related to |
| UNITED STATES OF AMERICA, | **Criminal No.** 15-372 (FAB) |
| **Respondent.** | |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is Ángel Ayala-Dávila's ("Petitioner" or "Ayala-Dávila") *pro-se* motion to vacate, set aside, or correct his sentence in Criminal Case No. 15-372, pursuant to Title 28, United Sates Code, section 2255 ("section 2255"), (Civil Docket No. 1.) For the reasons set forth below, the Court dismisses with prejudice petitioner's motion to vacate his sentence and Memorandum of Law (Civil Docket No. 1-1.)

**I.   BACKGROUND**

On September 10, 2015, Ayala-Dávila was sentenced to a term of imprisonment of three hundred and sixty (360) months after having pled guilty of violating Title 18, United States Code, Section 2119(3), carjacking resulting in death (Criminal Case No. 15-372, Docket No. 18.)

On December 8, 2016, after petitioner's conviction and sentence had become final, Ayala-Dávila filed a timely motion to vacate his sentence pursuant to section 2255 (Civil Docket No. 1.)

**II.  STANDARD OF REVIEW**

"[A] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)). Claims that do not allege constitutional or jurisdictional errors are properly brought pursuant to section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id.

A motion under section 2255 is not a substitute for a direct appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously

Civil No. 16-3118 (FAB)                                                    3

rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless the petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. Id.; United States v. Frady, 456 U.S. 152, 167-68 (1982).

**III. DISCUSSION**

In his motion, Ayala-Dávila raised a claim pursuant to Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (2015) (Civil Docket No. 1-1.)

On March 12, 2019, this court issued an order instructing petitioner, through his court appointed counsel, to clarify by March 19, 2019, whether he was still pursuing his Johnson claim or whether he wished to make any clarification or amendment to it. (Civil Docket No. 12.)

On March 27, 2019, petitioner, through his court appointed counsel, requested an extension of time in order to evaluate whether or not Ayala-Dávila still had a viable Johnson claim, as

Civil No. 16-3118 (FAB)                                                  4

well as to determine if petitioner had any additional 2255 claims he wished to pursue (Civil Docket No. 13.)

Ayala-Dávila was granted until April 8, 2019, to inform the Court as to how he would proceed (Civil Docket No. 14.)

On April 8, 2019, petitioner's counsel filed a motion informing the Court that the Supreme Court decisions of Johnson v. United States, 135 S.Ct. 2552 (2015) and Sessions v. Dimaya, 138 S.Ct. 1204 (2018) did not apply to Ayala-Dávila's conviction and sentence (Civil Docket 15 at p. 2.)

In the same filing, however, counsel informed the Court that Ayala-Dávila raised several other, perfunctory, claims in his section 2255 petition and requested an additional sixty (60) days to elucidate them. Id.

On April 10, 2018, the Court granted the requested extension and provided until June 8, 2019, for petitioner to file the appropriate motion (Civil Docket No. 16.)

On June 10, 2019, petitioner filed a motion requesting even more additional time, until July 25, 2019, to file a supplemental 2255 petition to elucidate any non-Johnson claims which petitioner might have (Civil Docket No. 19.)

On June 10, 2019, the Court granted the requested extension of time (Civil Docket No. 20.)

Civil No. 16-3118 (FAB) 5

As of this date, nine (9) months have past since the requested extension expired and no supplemental filing has been received by the Court.

The 2255 original petition filed by Ayala-Dávila is dismissed with prejudice.  The record reflects that petitioner voluntarily withdrew his original Johnson claims.  There being no further pending matters before the Court, Ayala-Dávila's petition is dismissed with prejudice and the case is deemed terminated.

**IV. CONCLUSION**

For the reasons stated, petitioner Ángel Ayala-Dávila's motion under 28 U.S.C. § 2255 (Civil Docket No. 1) and Memorandum of Law (Civil Docket No. 1-1) are **DENIED**.  This case is **DISMISSED with prejudice**.  Judgment shall be entered accordingly.

If petitioner files a notice of appeal, no certificate of appealability shall issue because he has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 13, 2020.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE